UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

DAVID R. HERBSTER, MARLENE V.
HERBSTER, COUNTY OF MONROE,
THE PEOPLE OF THE STATE OF NEW
YORK, MIDLAND FUNDING LLC,
JOHN DOE, MARY ROE, XYZ
CORPORATION,

                    Defendants.
_____

**DECISION AND ORDER**

6:19-CV-06455 EAW

## <u>INTRODUCTION</u>

Plaintiff United States of America ("Plaintiff") commenced this action on June 24, 2019, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 455 Parma Center Road, Hilton, New York 14468 (the "Property"). (*See* Dkt. 1). Plaintiff provided a loan to defendants David R. Herbster and Marlene V. Herbster ("Borrower Defendants") and secured the loan through a promissory note and mortgage on the Property. (*Id.* at 2, ¶¶ 2-4). The People of the State of New York, County of Monroe, and Midland Funding LLC ("Identified Defendants in Interest") have or may claim to have some interest in or lien upon the Property. (*See id.* at 3-4, ¶ 12).[1] Borrower Defendants, Identified Defendants in Interest,

_____

[1]     Plaintiff does not mention defendant County of Monroe in the text of the complaint, but the County of Monroe is named as a defendant. (Dkt. 1 at 1).

and defendants John Doe, Mary Roe, and XYZ Corporation (collectively "Defendants") have not appeared in this action.[2]

Presently before the Court is Plaintiff's motion for default judgment, a judgment for foreclosure and sale, and an order permitting amendment of the caption to dismiss John Doe, Mary Roe, and XYZ Corporation. (Dkt. 41). For the reasons that follow, the motion is denied except to the extent that defendants John Doe, Mary Roe, and XYZ Corporation are dismissed from the instant action.

## BACKGROUND

According to the complaint, on or about July 28, 2009, the Borrower Defendants received a loan through Plaintiff, acting through the Rural Housing Service or a successor agency, the United States Department of Agriculture, for $104,200.00 at an interest rate of 4.875%, payable in monthly installments. (Dkt. 1 at 2, ¶ 2). The Property's tax account number is 043.03-1-11, and the mortgage was recorded in the Monroe County Clerk's Office. (*Id.* at ¶¶ 4-5).

Plaintiff claims that Borrower Defendants failed to pay their monthly mortgage installments and real property taxes on the Property. (*See id.* at ¶ 7). Borrower Defendants' failure to make payment on real property taxes has forced Plaintiff to pay the taxes to protect its interest in the Property. (*Id.*). Because of Borrower Defendants' failure to pay, Plaintiff seeks to collect the remaining sum secured by the mortgage. (*Id.* at 3, ¶¶ 8-9).

---

[2]     Plaintiff included defendants John Doe, Mary Roe, and XYZ Corporation, who are unknown to Plaintiff and are fictitious names, to designate tenants, occupants, or other persons who have or claim any interest in the Property. (Dkt. 1 at 4, ¶ 16).

Plaintiff seeks repayment of $111,548.67, as well as 4.875% annual interest on the principal and all advances from June 19, 2019. (*Id.*). Plaintiff claims that any interest or lien held by Identified Defendants in Interest accrued after Plaintiff's mortgage and that their interests are secondary to Plaintiff's interest. (*See id.* at 3-4, ¶ 12).

On July 22, 2019, Plaintiff filed affidavits of service for Borrower Defendants and Identified Defendants in Interest. (Dkt. 7). The Borrower Defendants' answers were due by July 3, 2019, the answers of Midland Funding LLC and the People of the State of New York were due by July 22, 2019, and the answer of the County of Monroe was due by July 23, 2019. (*Id.*). The summons for defendants John Doe, Mary Roe, and XYZ Corporation were returned unexecuted. (Dkt. 8).

Defendants failed to respond to the complaint or otherwise appear in the action. At the request of Plaintiff, on September 4, 2019, the Clerk entered an entry of default against Borrower Defendants and Identified Defendants in Interest. (Dkt. 10). However, the matter was subsequently stayed (Dkt. 16), and it remained stayed until June 1, 2022, when Plaintiff advised that the Chapter 13 filing by defendant David R. Herbster had been dismissed (Dkt. 34; Dkt. 35). Over eight months later, with no activity undertaken by Plaintiff to prosecute the action, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. (Dkt. 36). Plaintiff responded that it "maintain[ed] a hold on this case while Plaintiff was in the process of applying to [David R. Herbster]'s mortgage loan account the funds that were paid to the trustee as part of [David R. Herbster]'s Chapter 13 Plan." (Dkt. 39 at ¶ 7).

Shortly thereafter, on April 3, 2023, Plaintiff filed a motion for default judgment pursuant to Rule 55(b) and for a judgment of foreclosure and sale, and it also requested that the Court dismiss defendants Mary Roe, John Doe, and XYZ Corporation.  (Dkt. 41). Despite being served with a copy of the motion papers (Dkt. 43), no defendant has responded or appeared.

## DISCUSSION

## I.    Default Judgment

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment.  First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action.  Fed. R. Civ. P. 55(a). As discussed, Plaintiff has already obtained entry of default as to Borrower Defendants and Identified Defendants in Interest.  (Dkt. 10).  "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)."  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b) (providing for entry of default judgment by the clerk where the "plaintiff's claim is for a sum certain" or by the court in "all other cases").

"In determining whether a default judgment should enter, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort."  *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009) (citation omitted).  In light of the Second Circuit's "strong preference for resolving disputes on the merits, and because a default judgment is the most severe sanction which the court may apply," the Second Circuit has "characterized a district court's discretion in proceeding

- 4 -

under Rule 55 as circumscribed." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (citations and quotations omitted). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

## II.     Mortgage Foreclosure

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012). In addition, consistent with New York law, before commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the RPAPL. *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021). Article 13 of the RPAPL sets forth various procedural requirements in a mortgage foreclosure action. *Ditech Fin. LLC v. Sterly*, No. 5:15-cv-1455 (MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016).

While Plaintiff appears to have established the common-law elements of a foreclosure action, (*see* Dkt. 41 at 9-11 (promissory note), 13-21 (mortgage), & 164-69 (Plaintiff's declaration establishing default)), Plaintiff has failed to establish its compliance with the procedural requirements of the RPAPL. For example, RPAPL § 1303 requires the foreclosing party to "deliver[] with the summons and complaint" specific notice entitled "Help for Homeowners in Foreclosure" to any mortgagor if the action relates to an owner-

occupied family dwelling for one to four people.  "Such notice shall be in bold, fourteen-point type and shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be in bold, twenty-point type.  The notice shall be on its own page."  *Id.* at § 1303(2).  Separately, § 1304 requires the lender to serve the borrower with a notice entitled "YOU MAY BE AT RISK OF FORECLOSURE," at least 90 days <u>before</u> commencing an action.  *Id.* at § 1304(1).[3]  The notice must contain specific language and contain a list of at least five government approved housing counseling agencies serving the county where the property is located.  *Id.* at § 1304(1)-(2).  In addition, the notice must be mailed by the lender, assignee or mortgage loan servicer in a specified manner, including "in a separate envelope from any other mailing or notice."  *Id.* at § 1304(2).  "'[O]ther mailing or notice' . . . refers to other kinds of notices, such as pre-acceleration default notices, notices disclosing interest rate changes to borrowers with adjustable-rate mortgages, monthly mortgage statements, or notices disclosing to the borrower a transfer of the loan servicer."  *Bank of Am., N.A. v. Kessler*, 39 N.Y.3d 317, 325-26 (2023) (internal citations omitted) ("hold[ing] that accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute an 'other . . . notice.'").

---

[3]      Section 1304's requirement that the notice be provided at least 90 days before commencing legal action does not apply if the borrower has filed for bankruptcy protection under federal law.  RPAPL § 1304(3).  Defendant David R. Herbster filed for bankruptcy pursuant to Chapter 13 on September 10, 2019, and his case was dismissed on May 19, 2022.  (Dkt. 34).  Plaintiff does not assert that § 1304(3)'s exception applies in this action.

Here, Plaintiff seemingly combined the § 1303 notice and the § 1304 notice. According to Plaintiff, "[a] separate copy of the '90 day notice' as required by New York State Law was served upon the Defendants David R. Herbster and Marlene V. Herbster in accordance with the proof attached to the filed Complaint and attached again hereto as Exhibit 'D' [Dkt. 41 at 103-47]."  (Dkt. 41 at 5, ¶ 13).  Plaintiff's reference to the "90 day notice" appears to be a reference to the language in § 1304 and logically would not apply to the § 1303 notice, which is required to be delivered with the complaint and summons. The documents that Plaintiff attached as Exhibit D contain the "Help for Homeowners in Foreclosure" notice pursuant to § 1303 (*see id.* at 106-07, 126-27) and the "YOU MAY BE AT RISK OF FORECLOSURE" notice pursuant to § 1304 (*see id.* at 104-05, 124-25) for each of the Borrower Defendants.  In other words, it appears that Plaintiff mailed the notices together, on or about August 15, 2018, based on their inclusion in Exhibit D as described by Plaintiff, the fact that both sets of notices appear to be numbered sequentially by page from one to four in the upper right corner of the documents (*see id.* at 104-07, 124-27), and the proof of mailing that Plaintiff included, which suggests that the preceding documents in Exhibit D were mailed together to each Borrower Defendant (*see id.* at 143-47).

Plaintiff has failed to meet its burden of establishing compliance with § 1303 because there is no evidence in the record that Plaintiff provided Borrower Defendants with a procedurally-complaint § 1303 notice at the time it served the summonses and complaint on those defendants.  *See United States v. Starr*, No. 16-cv-1431 (NSR), 2017 WL 4402573, at *3 (S.D.N.Y. Sept. 29, 2017) ("Plaintiff's [documents] all sorely lack any reference to

§ 1303's requirements" and "the affidavit of service filed by Plaintiff does not reflect that Defendants were served with any § 1303-compliant notice along with the summons and complaint, as required by the statute."). In fact, Plaintiff's counsel's declaration submitted in support of the pending motion makes no reference to compliance with the requirements of § 1303. (*See* Dkt. 41 at 3-7).

Plaintiff has also failed to meet its burden of establishing compliance with § 1304 because at the same time it provided notice to the Borrower Defendants that they risked foreclosure in the future, it apparently provided the "Help for Homeowners in Foreclosure" documents that suggested that foreclosure proceedings had already commenced. The "Help for Homeowners in Foreclosure" notice here appears to be an "[o]ther mailing or notice" that violates § 1304(2) because it was not "relevant to *avoiding* foreclosure." *See Kessler*, 39 N.Y.3d at 326 (emphasis added). "Compliance with [§§ 1303 and 1304] is a condition precedent to the commencement of a foreclosure action—one which the plaintiff has the burden of showing." *United States v. Lancor*, No. 5-19-cv-00936 (BKS/TWD), 2021 WL 11670838, at *5 (N.D.N.Y. May 12, 2021) (citations omitted); *see Starr*, 2017 WL 4402573, at *4 (denying motion for summary judgment when plaintiff "failed to carry its burden of establishing compliance with RPAPL §§ 1303 and 1304 as a condition precedent to the commencement of this mortgage foreclosure action"); *see also United States v. Parks*, No. 17-CV-01262 (LJV)(JJM), 2018 WL 5793569, at *3 (W.D.N.Y. Oct. 4, 2018) ("The plaintiff is 'required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion[.]'" (citation omitted)),

*adopted*, 2018 WL 5795461 (W.D.N.Y. Nov. 5, 2018).  Plaintiff has failed to meet its burden of establishing compliance with RPAPL §§ 1303 and 1304.

In addition, Plaintiff failed to comply with the procedural requirements regarding the notice of pendency.  Although Plaintiff apparently filed a notice of pendency pursuant to RPAPL § 1331 with the Monroe County Clerk, nothing in the record clearly indicates that Plaintiff filed the complaint with the notice of pendency as required under CPLR 6511(a).  (Dkt. 2; Dkt. 41 at 151-55; Dkt. 44).  Plaintiff attached only the legal description of the Property to the notice of pendency.  (Dkt. 2 at 4-5; Dkt. 41 at 154-55; Dkt. 44 at 4-5).  The affirmation by Plaintiff's counsel states, "A notice of pendency in this action, containing all the particulars required by law to be stated in such Notice, was duly filed in the Office of the Clerk of this Court on 6/24/2019.  Additionally, the Notice of Pendency was filed with the Clerk of Monroe County on 09/09/2019." (Dkt. 41 at 6, ¶ 15).  Plaintiff's counsel does not assert that Plaintiff has complied with CPLR 6511(a) by filing the complaint with the notice of pendency with the Monroe County Clerk.  The notice of pendency filed by Plaintiff that bears the Monroe County Clerk's time stamp, reflecting that it was filed on September 9, 2019, at 6:43 a.m. (*id.* at 151-55), contains only the legal description of the Property, and not a copy of the complaint.  The Court notes that the Notice of Pendency states that "an action has been commenced and is now pending in this Court upon the complaint of the above named plaintiff. . . ." (Dkt. 2 at 1; Dkt. 41 at 151; Dkt. 44 at 1).  Nevertheless, this is insufficient to satisfy the requirements of New York law.  *See Sterly*, 2016 WL 7429439, at *4 ("The notice states that a foreclosure action has been commenced against [the d]efendants in the United States District Court for the

Northern District of New York. However, there is no indication that [the p]laintiff filed the complaint with the notice of pendency as required by CPLR § 6511(a)." (citation omitted)). As this Court has held, a plaintiff's failure to file a procedurally-compliant notice of pendency requires denial of a motion for default judgment and for foreclosure and sale of a property. *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 711 (W.D.N.Y. 2018); *Nationstar Mortg. LLC v. Atanas*, No. 6:16-CV-06832 EAW, 2017 WL 11514589, at *3 (W.D.N.Y. May 23, 2017). Accordingly, the Court denies Plaintiff's motion for a default judgment and for a judgment of foreclosure on this basis as well.

Because the Court has identified certain fatal defects in the instant motion that individually require denial, the Court need not and does not address whether Plaintiff has met its burden in complying with other procedural requirements under the RPAPL and other applicable legal authorities.

## III.   Attorneys' Fees Request

In light of the procedural defectiveness of Plaintiff's motion for default judgment, the Court does not reach counsel's request for attorneys' fees in the amount of $3,875.00. (Dkt. 41 at 6, ¶ 20). Nevertheless, as this Court has done in similar cases, the Court notes that the request is defective because counsel failed to support the request with contemporaneous time records. *See Nedza*, 315 F. Supp. 3d at 712-13; *Atanas*, 2017 WL 11514589, at *4-5. "Generally, 'courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *Nedza*, 315 F. Supp. 3d at

713 (quoting *OneWest Bank, N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *6

(E.D.N.Y. July 17, 2015) (quotation marks omitted)).

## IV.   Dismissal of Defendants John Doe, Mary Roe, and XYZ Corporation

Plaintiff moves "for an Order permitting amendment of the caption dismissing the

defendants, 'Mary Roe, John Doe, and XYZ Corporation,' as no one has been served under

these fictitious names at the premises at issue, pursuant to Rule 15 of the Federal Rules of

Civil Procedure[.]"  (Dkt. 41 at 2).  The summonses for these defendants were returned

unexecuted because David R. Herbster informed the process server that no other adults

over age 18 resided at the Property and that the Property was only a residence, with no

business located there.  (Dkt. 8).  "As Plaintiff has not identified or served these defendants

within [90] days after filing the Complaint, and does not seek default judgment against

them, dismissal is proper under Federal Rule of Civil Procedure 4(m)."  *Lancor*, 2021 WL

11670838, at *7 (citation omitted).   Accordingly, Mary Roe, John Doe, and XYZ

Corporation are terminated as defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (Dkt. 41) is denied except to the extent that defendants John Doe, Mary Roe, and XYZ Corporation are dismissed from the instant action.  In the event Plaintiff wishes to file a renewed motion, it may do so within **30 days** of the filing of this Decision and Order.  Any such renewed motion must address all applicable procedural requirements of the RPAPL (not just the ones expressly addressed herein) and include a memorandum of law addressing the same.  Failure to do so will result in summary denial of the motion.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 27, 2024
        Rochester, New York